FILED

SEP 0 1 2016

CARMELITA REEDE
U.S. DIST. COURT...
BY_____

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

THALIA D. WAGONER,
    *Plaintiff,*

vs.

NORMAN PUBLIC SCHOOLS,
    *Defendant.*

Case No.: CIV-16-1014-C

## COMPLAINT

COMES NOW the PLAINTIFF (PRO SE) and for her cause of action against Defendant states as follows:

### PARTIES

1. Plaintiff, THALIA D. WAGONER, is a 42-year-old, African-American, female, resident of Oklahoma County, Oklahoma, who was employed by Defendant as an "English Language Learner Newcomer Teacher" on or about the 1st of September 2015.

2. Plaintiff has a real or perceived disability which affects one or more major life activities but she was at all times relevant hereto, a qualified individual able to meet the essential requirements of the job, with or without an accommodation.

3. Defendant, NORMAN PUBLIC SCHOOLS, also known as "INDEPENDENT SCHOOL DISTRICT NO.: 29" is a School District established under the laws of a state of Oklahoma with its principle place of business in Cleveland County, Oklahoma.

### JURISDICTION AND VENUE

4. This is a cause of action for discrimination in violation Title VII of the Civil Rights Act of 1964 (as amended) on the basis of Race; Violation of the Americans with

Disability Act (ADA AA); the Rehabilitation Act of 1973; and Oklahoma Anti-Discrimination Act (25 O.S. §1101, et seq).

5. Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. §626(c), 42 U.S.C. §12117(a), 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331. The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 29 U.S.C. §1367(b).

6. All of the actions complained of occurred in Cleveland County, Oklahoma, and Defendant may be served in that county, wherefore venue is proper in this court under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

7. Plaintiff began working for Defendant on or about the 1st of September 2015 as an "English Learner Newcomer Teacher" and was assigned to work in a portable building which had been utilized for storage of old desks and other surplus property, requiring Plaintiff to personally empty and do extensive reorganization in order to utilize it as a classroom.

8. This strenuous work caused Plaintiff's pre-existing medical conditions to be exacerbated and caused her to need medical care. Plaintiff informed her immediate supervisor of her medical condition and requested certain flexibility in order to see a doctor or to obtain medical treatment.

9. Plaintiff was advised that she had no rights under the Family Medical Leave Act and no interactive process was allowed in order to discuss possible accommodations to make it easier for Plaintiff to keep working

10. Plaintiff never received any performance evaluation but after requesting flexibility to see a doctor or obtain medical treatment, was told she was not meeting the District's "expectations" with no specifics or suggestions for improvement.

11. Plaintiff was required to submit lesson plans and to perform more physically demanding work than similarly situated Caucasian or non-African American teachers.

12. Plaintiff was not provided the level of support or training that Caucasian and non-African American teachers and teachers without real or perceived disabilities received.

13. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination with the EEOC, raising the issues of discrimination based on Race (violation of Title VII) and Disability in violation of the Americans with Disabilities Act as Amended (ADA AA).

14. Plaintiff filed her "Charge" with the Oklahoma City office of the Equal Employment Opportunity Commission (EEOC) on the 2nd of June 2016, a copy of which is attached as "Appendix 1" with a case number was assigned 564-2016-01133.

15. A Dismissal and Notice of Rights was issued and received on or after the 2nd of June 2016, a copy of which is attached as "Appendix 2".

16. The EEOC has a work share agreement with the Oklahoma Office of Civil Rights Enforcement (OCRE) such that a filing with the EEOC satisfies any requirements under the Oklahoma Anti-Discrimination Act.

17. Plaintiff's right to sue letter was received on or after the 2nd of June 2016, such that this action is timely filed within ninety (90) days of her receipt of the Right to Sue letter.

## COUNT I

### Violation of Title VII (Race)

*Civil Rights Act of 1964;
as amended by the Civil rights Act of 1991*

Plaintiff incorporates all prior allegations and further alleges that:

18. As an African-American, Plaintiff was discriminated against in the terms and conditions of her employment, being required to work more hours and do more strenuous and/or more work for the same or less pay then Caucasian or non-African American employees.

19. To the extent that Defendant may allege other reasons for discrimination of Plaintiff either through terms and conditions of employment or in connection with her being terminated, any such allegation should be considered evidence of pretext which along with failure to follow established policies should be viewed as evidence of intentional discrimination.

20. Plaintiff seeks declaratory judgment that Defendant violated Title VII and award all damages authorized thereunder.

## COUNT II

### Violation of ADA AA

Plaintiff incorporates all prior allegations and further alleges that:

21. Plaintiff had one or more substantial and permanent impairments, affecting major life activities which include walking, lifting, reaching, among other things and in addition, there was a record of impairment and she was perceived by management as being disabled.

22. Plaintiff performed the essential functions of her job with no adverse performance reviews or disciplinary action.

23. Plaintiff, had the training, experience, knowledge and ability to meet the essential functions of her job with or without an accommodation, making her a "qualified individual" pursuant to the ADA.

24. Plaintiff requested accommodation, in the form of allowance to obtain medical care or to see a doctor, or working the same hours that other teachers worked.

25. Plaintiff is: (1) a disabled person within the meaning of the ADA, or perceived as the same; (2) she is qualified, that is, she is able to perform the essential functions of the job, with or without reasonable accommodations; and (3) the employer terminated her employment under the circumstances which give rise to an inference that the termination was based on her disability.

26. Under the ADA, upon a request being made for one or more accommodations, Defendant had a duty to provide an "interactive process" to discuss the requests and during which it would be determined which ones would or would not be provided to the employee.

27. Despite her requests that she be allowed an accommodation, no interactive

process was opened and all requested accommodations were denied.

28.   No interactive process was allowed and Plaintiff was not only denied her reasonable accommodation, she was retaliated against for seeking the same.

29.   To the extent that Defendant may allege other reasons for Plaintiff's termination, any such allegation should be considered evidence of pretext which along with failure to follow established policies should be viewed as evidence of intentional discrimination.

30.   Plaintiff was given less favorable assignments than employees who were not perceived as being disabled, being required to work more hours and do more strenuous and/or more work for the same or less pay then employees without a real or perceived disability.

31.   Plaintiff seeks declaratory judgment that defendants violated the ADA and award all damages authorized thereunder.

### *COUNT III*

### Violation of State Law (OADA)

Plaintiff incorporates all prior allegations and further alleges that:

32.   In addition to being a violation of Federal Laws, discrimination based on either Race or Disability are contrary to and violations of the Oklahoma Anti-Discrimination Act (OADA).

33.   Plaintiff seeks declaratory judgment that defendants violated the OADA and the public policy of the State of Oklahoma as defined therein.

34. Plaintiff seeks damages for violation of the OADA, but only to the extent state law is NOT a duplication of the relevant Federal law or remedies.

35. Plaintiff seeks relief for discrimination on the basis of her race and/or disability.

36. Plaintiff also seeks relief under state law to the extent that "Any other result would condone breach of a duty imposed by law on all employers -- the duty not to discharge an employee for attempting to correct an illegal or unethical act." Rosenfeld v. Thirteenth Street Corp., 1989 Okla. LEXIS 105 (Okla. 1989) 4 I.E.R. Cas. (BNA) 770.

37. Plaintiff also requests relief under State law, which allows different damages, attorney fees and other remedies which are not authorized by Federal Law. Shirazi v. Childtime Learning Center, Inc., 2009 OK 13, 204 P.3d 75 (Okla. 2009).

WHEREFORE, Plaintiff prays that she be awarded judgment against Defendant and all relief as may be appropriate, including, but not limited to actual damages, including lost wages, liquidated damages and front pay, and other benefits from working, non-economic damages, punitive damages, where authorized by law, pre and post judgment interest, attorney fees, costs and any other different or additional relief as may be just through law or equity.

Respectfully submitted,

*Thalia Wagoner*
Thalia D. Wagoner
1430 NW 104th Street
Oklahoma City, OK 73114
(405) 343-0529
(email) thalia_w_2001@yahoo.com
PLAINTIFF (Pro Se)