IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

THALIA D. WAGONER,                )
                                  )
            Plaintiff,            )
                                  )
vs.                               )    No. CIV-16-1014-C
                                  )
NORMAN PUBLIC SCHOOLS,            )
                                  )
            Defendant.            )

## MEMORANDUM OPINION AND ORDER

On June 22, 2017, the Court ordered Plaintiff to provide responses to Defendant's discovery request not later than June 30, 2017. That Order cautioned Plaintiff that failure to comply would result in entry of sanctions against her. Defendant filed a Motion to Compel on July 10, 2017. That Motion states that as of the date of filing Plaintiff had failed to comply with the Court's June 22, 2017, Order. Although the date to respond has passed, Plaintiff has not responded to Defendant's Motion.

Fed. R. Civ. P. 16(f)(1)(C) and/or 41(b), permit the Court to dismiss this action based on Plaintiff's failure to comply with the Court's Order. The Tenth Circuit has recognized dismissal as an available sanction when a party has failed to prosecute a case or comply with local or federal procedural rules. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Before entering dismissal, the Court must consider the five factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992). Those five criteria are: "'(1) the degree of actual prejudice to the defendant; (2) the amount of interference with

the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" Id. at 921 (internal citations omitted). "'Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" Id.

Each of the factors weigh in favor of dismissal. As Defendant noted in both of its Motions, Plaintiff's failure to provide discovery responses have prevented Defendant from exploring the parameters of Plaintiff's claims. Thus, Defendant has established significant prejudice. Likewise, Plaintiff's inaction has now required the Court to address these matters on two occasions. Further, due to Plaintiff's refusal to provide discovery responses, this matter cannot be properly tried within the time frame set by the Scheduling Order. As Plaintiff is proceeding pro se, she bears sole culpability for the failure to respond. As noted above, the Court warned Plaintiff that failure to comply would result in sanctions, including dismissal. Finally, given the nature of Plaintiff's conduct, including her failure to respond to the present Motion, the Court finds any lesser sanction would only further the delay in resolving this matter. After considering each of the Ehrenhaus factors, the Court finds dismissal is the appropriate sanction. The dismissal will be without prejudice. However, in the event Plaintiff seeks to refile this action, the Court will require her to first pay Defendant's costs and attorneys' fees associated with the present Motion. See Fed. R. Civ. P. 41(d).

For the reasons set forth herein, Defendant School District's Renewed Motion to Compel Discovery and Motion for Sanctions (Dkt. No. 36) is GRANTED in part. This matter is DISMISSED without prejudice. Defendant's Motion for Summary Judgment, (Dkt No. 39) is STRICKEN as moot. A separate Judgment will issue.

IT IS SO ORDERED this 8th day of August, 2017.

ROBIN J. CAUTHRON
United States District Judge